UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GEARHART RANCH PARTNERS, LLC;
WAGYU EXCELENTE MEATS, LLC;
SHAMROCK KELLY ENERGY, INC.; and
THOMAS E. KELLY,
        *Plaintiffs*,

v.

PONTE INVESTMENTS, LLC,
        *Defendant*.

C.A. No. 1:21-cv-00086

## COMPLAINT

Plaintiffs Gearhart Ranch Partners, LLC ("Gearhart Ranch Partners"), Wagyu Excelente Meats, LLC ("Wagyu Excelente Meats"), Shamrock Kelly Energy, Inc. ("Shamrock Kelly Energy"), and Thomas E. Kelly ("Kelly"), as and for their Complaint against Ponte Investments, LLC ("Ponte Investments"), state as follows:

## THE PARTIES

1. Gearhart Ranch Partners is a limited liability company organized and existing pursuant to the laws of the State of Texas whose members reside in the State of Texas.

2. Wagyu Excelente Meats is a limited liability company organized and existing pursuant to the laws of the State of Texas whose members reside in the State of Texas.

3. Shamrock Kelly Energy is a corporation organized and existing pursuant to the laws of the State of Texas with its principal office located in the State of Texas.

4. Mr. Kelly is a natural person who resides in the State of Texas.

5. Ponte Investments is a limited liability company organized and existing pursuant to the laws of the State of Rhode Island whose members, upon information and belief, reside in the State of Rhode Island and/or do not reside in the State of Texas.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is properly in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims for relief occurred in this District.

## FACTS

8. On or about February 22, 2019, Gearhart Ranch Partners, Wagyu Excelente Meats, and Shamrock Kelly Energy (collectively, "Debtors") entered into a Business Line of Credit Agreement ("BLOC Agreement") with Ponte Investments.

9. Under the BLOC Agreement, Ponte Investments agreed to extend the Debtors a revolving line of credit not to exceed $100,000 in principal, with a maturity date of March 31, 2020, in exchange for, *inter alia*, an assignment of certain collateral.

10. The BLOC Agreement provided that Debtors would pay a minimum monthly fee of "6% of Outstanding Principal Balance."

11. More specifically, the BLOC Agreement required Debtors to "remit payment, and re-pay the revolving credit loan/line of credit on a monthly basis," with a "minimum monthly fee payment . . . equal to six percent (6%) of then outstanding aggregate principal for any given

month during the effect of" the BLOC Agreement, which six percent fee would "not [be] applied to the principal balance."

12. On February 22, 2019, Mr. Kelly signed a Personal Guaranty ("Guaranty") in which he guaranteed the Debtors' obligations under the BLOC Agreement, as may be amended from time to time.

13. The Guaranty contains a Rhode Island choice of law provision.

14. On August 10, 2020, the Debtors entered into a "Business Line of Credit Agreement Renewal of Existing Agreement Dated February 22, 2019" (individually, the BLOC Renewal Agreement," and collectively with the BLOC Agreement, the "Agreements"), which renewed the terms of the BLOC Agreement and extended the maturity date of the loan to September 30, 2021.

15. In connection with the Agreements, Ponte Investments filed at least one UCC-1 financing statement.

16. The six percent minimum monthly fee contained in the Agreements is an interest rate that exceeds the statutory maximum interest rate in the State of Rhode Island under R.I. Gen. Laws §§ 6-26-1, *et seq.*, rendering the Agreements usurious as a matter of law.

17. The amounts collected by Ponte Investments under the Agreements are in excess of the statutory maximum interest rate in the State of Rhode Island of 12 percent per annum for contracts that do not specify an interest rate or 21 percent per annum for contracts that specify an interest rate, rendering the Agreements usurious as a matter of law under R.I. Gen. Laws §§ 6-26-1, *et seq.*

18. Upon information and belief, Ponte Investments' conduct in charging a usurious rate of interest under the Agreements is willful and knowing.

19. Between February 26, 2019 and April 25, 2019, Ponte Investments advanced Debtors a total of $117,475 under the Agreements. Between February 26, 2019 and the date of this Complaint, Debtors repaid $147,010.60.

20. Yet, as of February 11, 2021, Ponte Investments claimed that Debtors still owed $77,475.00 in principal under the Agreements.

21. In December 2020, Debtors informed Ponte Investments that the interest rate contained in the Agreements was usurious as a matter of Rhode Island law.

22. Despite Ponte Investments' receipt of notice that the Agreements contained a usurious rate of interest, Ponte Investments willfully and knowingly continues to charge a usurious rate of interest despite knowledge that such interest rate violates the Rhode Island usury statute, R.I. Gen. Laws §§ 6-26-1, *et seq.*

## COUNT I
## **VIOLATION OF R.I. GEN. LAWS §§ 6-26-1, *et seq.***

23. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 22 as thought fully set forth herein.

24. The Agreements contain a six percent minimum monthly fee, which, as applied by Ponte Investments to the Debtors' obligations under the Agreements, constitutes an interest rate that exceeds the maximum permissible interest rate under R.I. Gen. Laws §§ 6-26-1, *et seq.*

25. The amounts collected by Ponte Investments under the Agreements are in excess of the maximum permissible interest rate under R.I. Gen. Laws §§ 6-26-1, *et seq.*

26. As a result of Ponte Investments' violation of R.I. Gen. Laws §§ 6-26-1, *et seq.*, the Agreements, Guaranty, any UCC-1 financing statements, and all other security, collateral, and property interests that secure the Agreements are usurious, void, and unenforceable.

27. As a result of Ponte Investments' violation of R.I. Gen. Laws §§ 6-26-1, *et seq.*, Plaintiffs have been damaged in an amount to be determined at trial.

28. As a result of Ponte Investments' willful and knowing violation of R.I. Gen. Laws §§ 6-26-1, *et seq.*, Plaintiffs are entitled to punitive damages, including their costs and attorneys' fees in bringing this action, in an amount to be determined at trial.

### COUNT II
### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201, *et seq.*

29. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 28 as thought fully set forth herein.

30. A real, substantial, and immediate controversy exists regarding the rights, duties, and obligations of Plaintiffs and Ponte Investments under the Agreements and the security, collateral, and property interests that secure the Agreements, including, without limitation, the Guaranty and any UCC-1 financing statements.

31. Accordingly, pursuant to 28 U.S.C. § 2201(a), Plaintiffs seek a judicial declaration that the Agreements are usurious, void, and unenforceable under R.I. Gen. Laws § 6-26-4, and that all security, collateral, and property interests that secure the Agreements, including, without limitation, the Guaranty and any UCC-1 financing statements, are usurious, void, and unenforceable.

### COUNT III
### CIVIL LIABILITY FOR CRIMINAL USURY
### UNDER R.I. GEN. LAWS § 6-26-3 AND § 9-1-2

32. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 31 as thought fully set forth herein.

33. Under the Agreements, Ponte Investments willfully and knowingly charged and took excessive interest beyond the maximum allowed under R.I. Gen. Laws §§ 6-26-1, *et seq.*

34. In willfully and knowingly charging interest in excess of the statutory maximum, Ponte Investments committed criminal usury in violation of R.I. Gen. Laws § 6-26-3 and is civilly liable for that criminal violation under R.I. Gen. Laws § 9-1-2.

35. As a result of Ponte Investments' criminal conduct, Plaintiffs suffered damages in an amount to be determined at trial.

36. As a result of Ponte Investments' willful and knowing violation of R.I. Gen. Laws §§ 6-26-1, *et seq.*, Plaintiffs are entitled to punitive damages, including their costs and attorneys' fees in bringing this action, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment and in favor of Plaintiffs and against Defendant;

b. Enter a judgment declaring that the Agreements, Guaranty, any UCC-1 financing statements, and all other security, collateral, and property interests that secure the Agreements are usurious, void, and unenforceable under R.I. Gen. Laws § 6-26-4;

c. Award Plaintiffs damages in an amount to be proven at trial, plus interest thereon;

d. Award Plaintiffs punitive damages in an amount sufficient to punish Defendant and deter future usurious conduct;

e. Award Plaintiffs their costs and attorneys' fees; and

f. Award any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: February 19, 2021

                                        Plaintiffs,
GEARHART RANCH PARTNERS, LLC,
WAGYU EXCELENTE MEATS, LLC,
SHAMROCK KELLY ENERGY, INC., and
THOMAS E. KELLY,
By their Attorneys,

/s/ Brenna A. Force
Geoffrey W. Millsom (#6483)
Brenna Anatone Force (#8555)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607
gmillsom@apslaw.com
bforce@apslaw.com

1051135.v2